UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 06-161 (HHK) |
| : | |
| KEVIN D. AYERS, : | |
| : | |
| Defendant. : | |
| : | |

### GOVERNMENT'S NOTICE REGARDING RULE 609 EVIDENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Notice Regarding Rule 609 Evidence. This Notice serves to inform the Court and Defendant, Kevin D. Ayers, of Defendant Ayers's criminal history and the Government's intention to use Defendant Ayers's convictions should such evidence be relevant and appropriate under the Federal Rules of Evidence. In support of this Notice, the Government submits the following points and authorities.

### BACKGROUND

Defendant Ayers is charged in a two-count indictment with Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii), and Escape from an Officer, in violation of 22 D.C. Code § 2601(a)(2). Those of Defendant Ayers's prior convictions that would be admissible under Federal Rule of Evidence 609 are summarized in the chart below:

| **Offense** | **Case No.** | **Jurisdiction** | **Sentence** | **Date** |
|---|---|---|---|---|
| Carrying a Pistol without a License | 2000-FEL-7039 | District of Columbia Superior Court | 3 years of probation; revoked; sentenced to time served | 04/16/04 |

| | | | | |
|---|---|---|---|---|
| Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by More than One Year | 03-442 | United States District Court for the District of Columbia | 38 months of imprisonment followed by three years of supervised release | 04/07/04 |

## ARGUMENT

Federal Rule of Evidence 609(a)(1) provides that convictions punishable by imprisonment in excess of one year "shall be admitted" to attack the credibility of a defendant in a criminal case "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). The district court also "has discretion to determine when to inquire into the facts and circumstances underlying a prior conviction and how extensive an inquiry to conduct." *United States v. Lipscomb*, 702 F.2d 1049, 1068 (D.C. Cir. 1983) (*en banc*).

Defendant Ayers's convictions should be admitted under Rule 609 if he chooses to testify. In evaluating whether the probative value of Defendant Ayers's convictions outweighs their prejudicial effect, the district court should begin with the premise, articulated by the *en banc* D.C. Circuit, that all felony convictions are at least somewhat probative of a defendant's credibility. *Id.* at 1062. "Courts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary." *United States v. Lewis*, 626 F.2d 940, 950 (D.C. Cir. 1980) (citation omitted). In *Lewis*, the defendant was charged with distribution of phenmetrazine; after taking the stand, he was impeached with a prior conviction for drug

distribution. *Id.* at 943, 947. The appellate court upheld the admission of the conviction. *Id.* at 951. Although the defendant in *Lewis* denied that he was knowledgeable about drug transactions, and the prior drug conviction was probative of knowledge, the court's "analysis did not treat this [additional] reason as critical" in admitting the conviction under the Rule 609 balancing test. *Lipscomb*, 702 F.2d at 1058 n.35.

Inasmuch as every impeachment by prior conviction involves some prejudice to a defendant, that prejudice by itself should not preclude the Government's impeachment of Defendant Ayers in this case. *Cf. Lipscomb*, 702 F.2d at 1062 ("When the defendant is impeached by a prior conviction, the question of prejudice . . . is not *if*, but how much.") (emphasis in original). Should Defendant Ayers testify in this case, his credibility will be a central issue for the jury. The probative value of Defendant Ayers's convictions, which involve three serious offenses, in assessing his credibility outweighs whatever prejudice there may be to Defendant Ayers, particularly given the limiting instruction that can be given to the jury to preclude its use of the convictions for an improper purpose.

**CONCLUSION**

WHEREFORE, the Government respectfully notifies the Court and Defendant Ayers of its intention to impeach Defendant Ayers with the prior convictions set forth above should he choose to testify.

                                         Respectfully submitted,

                                         KENNETH L. WAINSTEIN
                                         United States Attorney

By: _____
       JESSIE K. LIU
       Assistant United States Attorney
       D.C. Bar No. 472845
       555 Fourth Street, N.W., Room 4649
       Washington, D.C. 20530
       (202) 514-7549