UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 06-161 (HHK) |
| : | |
| KEVIN D. AYERS, : | |
|     Defendant : | |

**DEFENDANT'S REQUEST FOR NOTICE OF GOVERNMENT'S
INTENTION TO USE RULE 404(b) EVIDENCE AT TRIAL**

    The defendant, through undersigned counsel, respectfully moves this Court, pursuant to Rules 104(a), 404 and 404(b) of the Federal Rules of Evidence, to order the Government to provide notice of its intention to use at trial (either in its case in chief or in rebuttal) any evidence which the Government contends is admissible under Rule 404(b) of the Federal Rules of Evidence.  The defendant also requests that the Court order the Government to specify the time, date, place, specific conduct, and names of witnesses in front of whom such specific conduct took place.

    In support of this Motion, the defendant states the following:

    1.  The defendant is charged in a two-count indictment with Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base, 21 U.S.C. Sect. 841(a)(1) and 841 (b)(1)(A)(iii), and Escape From An Officer, 22 D.C. Code Sect. 2601(a)(2).

    2. The government alleges that on May 9, 2006, MPD officers assigned to the Third District executed an arrest warrant for Mr. Ayers after they observed the latter enter a liquor store at 2701 14th Street, NW. After the defendant allegedly struggled as the officers attempted to take him into custody inside of the store, the officers handcuffed him.  The Government further asserts that a set of keys was seized from the defendant's person during their search incident to his arrest; the keys were on an Enterprise Rental keychain that included a vehicle description. The police assert that they located the vehicle in a parking lot in the 1300 block of Fairmont Street, NW, and used the car keys

to enter the vehicle. After searching the interior of the vehicle, the police allege that they seized approximately 75 grams of cocaine base, U.S. currency, and a driver's license issued by the District of Columbia in the name of Mr. Ayers. After his arrest, but before being read his *Miranda* rights and in response to police questioning, the defendant allegedly made several inculpatory statements.

3. Should any such Rule 404(b) evidence exist, the introduction of any such evidence and/or any similar evidence as of yet unknown to defense counsel would be extremely prejudicial to the defendant. Due process of law imposes an obligation on the Government to disclose well in advance of trial its intention to use Rule 404(b) evidence and the exact nature of such evidence. Moreover, under Federal Rule of Evidence 104(b), preliminary questions regarding the admissibility of evidence shall be determined by the Court. If the Court is aware that the Government seeks to introduce Rule 404(b) evidence, the admissibility issue should be litigated prior to the commencement of trial, thus expediting the trial while allowing for careful scrutiny by the Court.

4. Additionally, such disclosure will allow the defense an opportunity to meet the similar acts evidence on the merits and prevent prejudicial surprise.

**WHEREFORE,** the defendant respectfully requests that the Court order the Government to provide advance notice of the time, date, place, specific conduct, and witnesses to such conduct that the Government believes is admissible pursuant to Rule 404(b).

    Respectfully submitted,

_____
Mitchell M. Seltzer,
Counsel for Kevin Ayers
717 D Street, NW
Suite 310
Washington, D.C. 20004
(202) 347-2333
D.C. Bar #261933

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing MOTION has been served electronically upon A.U.S.A. Jesse Liu this 5th day of September 2006.

`                              _____