UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 06-161 (HHK) |
| : | |
| KEVIN D. AYERS, : | |
|     Defendant : | |

**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS
WITH POINTS AND AUTHORITIES IN SUPPORT THEREOF**

The defendant, Kevin D. Ayers, through undersigned counsel, respectfully requests that this Court enter an order suppressing any and all evidence seized from his person, or from the Ford Taurus automobile, and all statements made by the defendant to law enforcement officials, on or about May 9, 2006.

In support of this motion, the defendant states the following:

1. The defendant is charged in a two-count indictment with Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base, 21 U.S.C. Sect. 841(a)(1) and 841 (b)(1)(A)(iii), and Escape From An Officer, 22 D.C. Code Sect. 2601(a)(2).

2. The government alleges that on May 9, 2006, MPD officers assigned to the Third District executed an arrest warrant for Mr. Ayers after they observed the latter enter a liquor store at 2701 14th Street, NW. After the defendant allegedly struggled as the officers attempted to take him into custody inside of the store, the officers handcuffed him. The Government further asserts that a set of keys was seized from the defendant's person during their search incident to his arrest; the keys were on an Enterprise Rental keychain that included a vehicle description. The police assert that they located the vehicle in a parking lot in the 1300 block of Fairmont Street, NW, and used the car keys to enter the vehicle. After searching the interior of the vehicle, the police allege that they seized approximately 75 grams of cocaine base, U.S. currency, and a driver's license

issued by the District of Columbia in the name of Mr. Ayers.  After his arrest, but before being read his *Miranda* rights and in response to police questioning, the defendant allegedly made several inculpatory statements.

**I.   ALL EVIDENCE SEIZED FROM THE DEFENDANT OR THE AUTOMOBILE, AND THE DEFENDANT'S STATEMENTS MUST BE SUPPRESSED AS FRUIT OF HIS ILLEGAL ARREST AND THE ILLEGAL SEARCH OF THE VEHICLE.**

3.  "The protections of the Fourth Amendment do not dissipate at the automobile door." United States v. DuBose, 2006 WL 187699 (D.D.C., Bates, J.), citing Coolidge v. New Hampshire, 403 U.S. 443, 461 (1971) (Government motion for reconsideration of granting of Motion to Suppress Evidence denied, as search of vehicle not justified as incident to arrest, nor as consistent with plain view doctrine or other exigent circumstance.)   In order for the search of a vehicle to be sustained pursuant to the search incident to arrest exception articulated in New York v. Belton, 453 U.S. 454 (1981), the police must have probable cause to arrest prior to the search.  U.S. v. Harley, 990 F. 2d. 1340, 1342 (D.C. Cir. 1993).  Additionally, only when a policeman has made a lawful custodial arrest of the occupant of an automobile, may he, as a contemporaneous incident of that arrest, search the passenger compartment of the automobile.  New York v. Belton, supra at 460; Chimel v. California, 395 U.S. 752 (1969).  By applying a bright–line rule that the passenger compartment lies within the reach of the arrested occupant, *Belton* sought to avoid case-by case evaluations of whether the defendant's area of control within the automobile extended to the precise place where the policeman found the weapon or evidence.  United States v. Russell, 670 F.2d 323, 326  (D.C. Cir. 1982).

4.  In Thornton v. United States, 541 U.S. 615, 617 (2004), the Supreme Court extended *Belton* to allow vehicle searches conducted in instances where the police first make contact with the arrestee after the subject has already exited the vehicle.  The

arrestee's status as a "recent occupant" turns on his temporal or spatial relationship to the car. Id. at 622; See United States v. Booker, 2005 WL 3211424 (D.D.C., Collyer, J.) (motion to suppress denied in light of *Thornton* recent occupant test, as police had observed the defendant exit the car, close the door, and walk away from them). Here the search incident to arrest doctrine, even as extended in *Thornton* is inapplicable. As a prima facie matter, the Government must establish that it was properly executing an arrest warrant that had established probable cause at the time that Mr. Ayers was taken into custody. In addition, the Government will be unable to meet the "recent occupancy" test delineated in *Thornton:* at no time did the officers ever observe the defendant within the vehicle, or even in close proximity to it.

     5. Nor did the police obtain consent from the vehicle's lessee or its owner prior to its search. See United States v. Garces, 133 F. 3d 70, 74-75 (D.C. Cir. 1998) (warrantless search of automobile, using key seized from defendant's pants, validated by the consent to search provided by the defendant's aunt who owned the vehicle). The Government will also be unable to justify the seizure and search of the vehicle pursuant to the plain-view doctrine. Horton v. California, 496 U.S. 128 (1990); See United States v. Pindell, 336 F.3d 1049, 1055-56 (D.C. Cir. 2003) (in robbery prosecution, seizure of notebook from automobile, lying next to police uniform that defendant had been wearing, lawful because it was "immediately apparent" to observing officers that it contained evidence of incriminating personal information.)

     6. All evidence seized from the defendant or from the automobile, and any statements made by Mr. Ayers, must be suppressed as fruit of the illegal seizure and arrest of the defendant and the illegal search of the vehicle. Wong Sun v. United States, 371 U.S. 471 (1963); Dunaway v. New York, 442 U.S. 200 (1979); See Gatlin v. United States, 326 F.2d 666, 673 (D.C. Cir. 1963). No interim release or other intervening event occurred to break the connection between Mr. Ayer's illegal detention and his subsequent

statements. <u>Brown v. Illinois</u>, 422 U.S. 950 (1975); <u>Taylor v. Alabama</u>, 457 U.S. 687 (1982).

### II. THE DEFENDANT'S STATEMENTS SHOULD BE SUPPRESSED BECAUSE THEY WERE MADE INVOLUNTARILY, AND THUS, THEIR ADMISSION WOULD VIOLATE HIS RIGHTS UNDER THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT.

7. Mr. Ayer's statements to police officers on or about May 9, 2006, should be suppressed because they were not made voluntarily. Confessions involuntarily elicited from a suspect by law enforcement agents are inadmissible at the trial of the maker for any purpose: "It is now axiomatic that a defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession." <u>Jackson v. Denno</u>, 378 U.S. 368, 376 (1964).

8. The burden rests on the government to show that Mr. Ayers' statements were voluntary. <u>Lego v. Twomey</u>, 404 U.S. 477 (1972). The test is whether the confession is "the product of an essentially free and unconstrained choice by its maker." <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218, 225 (1973). The government must show that, considering the "totality of the circumstances" surrounding the confessions, <u>Clewis v. United States</u>, 386 U.S. 707, 708 (1967), Mr. Ayers "had a free will and intellect whether or not the (police) had any reason to doubt its presence or suspect its absence." <u>Pea v. United States</u>, 397 F.2d 627, 632 (D.C. Cir. 1968).

9. Self-incriminating statements induced by promises or threats shall be regarded as involuntary and shall not be admitted into evidence for any purpose. <u>United States v. Powe</u>, 591 F.2d 833, 836 (D.C. Cir. 1978). Here the defendant was questioned without benefit of family or counsel, and without being informed of his <u>Miranda</u> rights. Only after the police made false promises to him did Mr. Ayers respond to the officers' questions. The defendant's statements were the product of police coercion, <u>Arizona v. Fulminante</u>, 111 S.Ct. 1246 (1991). The government cannot sustain its burden of proving

4

voluntariness; the defendant's statements are inadmissible at trial for any purpose. Jackson v. Denno, supra.

### III. THE DEFENDANT'S STATEMENTS SHOULD BE SUPPRESSED BECAUSE THEY WERE OBTAINED IN VIOLATION OF HIS FIFTH AMENDMENT RIGHTS AS SET FORTH IN MIRANDA V. ARIZONA.

10. Mr. Ayer's statements to police officers on or about May 9, 2006, may not be introduced to show his involvement in any criminal act, even if the Court were to conclude that they were made voluntarily. In Miranda v. Arizona, 384 U.S. 436 (1966), the Supreme Court held that statements elicited by the police through custodial interrogation are inadmissible against the maker unless the police first inform the individual about his basic Fifth Amendment rights to remain silent and to the presence of an attorney, and the individual knowingly and intelligently waives those rights. The Court has reaffirmed that a finding that Miranda rights have been waived "voluntarily" does not satisfy this high standard. Edwards v. Arizona, 451 U.S. 477, 482 (1981).

11. The government bears a heavy burden to show that before any statements were made, Mr. Ayers knowingly and intelligently waived his privilege against self-incrimination and his right to counsel. Miranda v. Arizona, supra at 475. The defendant submits that the government cannot meet its burden, since the defendant did not waive his Miranda rights before responding to interrogation by the officers.

12. A hearing on this motion is requested.

**WHEREFORE**, for the reasons stated above, and such other reasons as may appear to the Court at a hearing on this motion, Mr. Ayers requests that the Court suppress for all purposes any and all evidence seized from the defendant or the automobile, and any statements that he made to law enforcement agents, on or about May 9, 2006.

5

          Respectfully submitted,

          _____
          Mitchell M. Seltzer,
          Bar #261933
          Counsel for Mr. Ayers
          717 D Street. NW, #310
          Washington, D.C. 20004
          (202) 347-2333

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Suppress Evidence and Statements has been served electronically upon AUSA Jesse Liu, 555 4th Street, NW, this __5th__ day of September 2006.

          _____