UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 06-161 (HHK) |
| | : | |
| KEVIN D. AYERS, | : | Motions Hearing:    September 25, 2006 |
| | : | |
| Defendant. | : | |
| | : | |

GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR
<u>TIMELY DISCLOSURE OF IMPEACHING EVIDENCE AND JENCKS MATERIAL</u>

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following response to Defendant Kevin D. Ayers's Motion for Timely Disclosure of Impeaching Evidence and Jencks Material. In support of its response, the Government relies on the following points and authorities and such points and authorities as may be cited at a hearing on this motion.

**FACTUAL BACKGROUND**

On May 10, 2006, officers of the Metropolitan Police Department went to the 2700 block of Fourteenth Street, N.W., in Washington, D.C., to arrest Defendant Ayers on a Superior Court arrest warrant for carrying a pistol without a license. The officers saw Defendant Ayers entering a liquor store and arrested him inside. In a search incident to arrest, the officers recovered a key to an Enterprise rental car, attached to a key chain bearing the description of the automobile, from Defendant Ayers's person. An officer located the car near the store where Defendant Ayers was arrested and, upon looking into the vehicle, saw, in plain view, a plastic bag containing a white rock substance between the front seats under the center console. Suspecting that the white rock substance was cocaine, the officer used the key seized from Defendant Ayers to unlock the car door and

recovered the substance, which turned out to be cocaine base, commonly known as crack. Next to the crack was Defendant Ayers's driver's license and $600 in United States currency. Later, as Defendant Ayers was being transported to the central cellblock, he slipped out of his handcuffs and fled, but was recaptured shortly afterwards. A federal grand jury sitting in the District of Columbia indicted Defendant Ayers on one count of unlawful possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii), and one count of escape from an officer, in violation of 22 D.C. Code § 2601(a)(2).

## **ARGUMENT**

**I.      The Government Will Provide All *Brady*, *Giglio*, and Jencks Materials in a Timely Fashion.**

The Government will provide information consistent with its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the Jencks Act, 18 U.S.C. § 3500, sufficiently prior to the motions hearing and trial in this case to allow the defense to make effective use of that information. Specifically, the Government views its *Brady*, *Giglio*, and Jencks obligations as requiring disclosure of the materials described in Paragraphs 1, 2, 3, 4, 6, 8, 10, and 11 of Defendant Ayers's motion. In addition, the Government will disclose "whether each witness was using narcotics or alcohol at or about the time he observed the defendant commit the alleged offenses," as Defendant Ayers requests in Paragraph 5. The Government will provide all *Brady* material in its possession to the defense as soon as reasonably practicable after it becomes aware of such information, but in any event no later than forty-eight (48) hours prior to trial. The Government also submits that disclosure of *Giglio* and Jencks materials forty-eight (48) hours prior to the expected testimony, whether at a motions hearing or trial, of the witnesses to which those

materials are relevant is sufficient, *see United States v. Tarantino*, 846 F.2d 1384, 1416 (D.C. Cir. 1988) (holding that disclosure of impeaching information shortly before witness's testimony satisfies Government's obligations), and respectfully requests that this Court enter an order to that effect.

**II.    Defendant Ayers Is Not Entitled to the Witnesses' Substance Abuse Histories, Tax Returns or Investigation Files.**

Defendant Ayers is not entitled to the substance abuse histories, tax returns, and internal investigation files of the Government witnesses in this case. His request for this information is nothing more than a fishing expedition and should be denied.

**A.    Substance Abuse Histories**

In Paragraph 5 of his motion, Defendant Ayers requests "[a]ny and all records and information revealing drug or alcohol abuse by each witness." Defendant Ayers's request for any documents revealing witnesses' abuse of drugs or alcohol violates two limitations on discovery under Federal Rule of Criminal Procedure 16. First, the request demands documents that are not in the possession, control, or custody of the United States Attorney's Office as required by the text of Rule 16. Under that rule, the defendant may request only information of which the prosecution has knowledge and to which it has access. *United States v. Ross*, 511 F.2d 757, 762-63 (5th Cir. 1975). With respect to the police officer witnesses, Defendant Ayers's request would require the United States Attorney's Office to inquire into police personnel files and other records to which the United States Attorney's Office does not have ready access. Nor does the United States Attorney's Office have ready access to records showing its civilian witnesses' substance abuse histories.

Second, the requested information is not material to a defense. When requesting information under Rule 16, the defendant bears the burden of making a *prima facie* showing that the evidence

is material to his defense, that is, that it would "substantially alter the quantum of evidence in his favor." *United States v. Marshall,* 532 F.2d 1279, 1285 (9th Cir. 1976) (holding that arresting officer's prior arrest reports were not material). The materiality requirement is not satisfied merely by a conclusory statement by the defense that the information is material. *Id.*; *see United States v. Dioguardi*, 332 F. Supp. 7, 18 (S.D.N.Y. 1971) (holding that a request for all police reports relating to indictment did not meet materiality standard); *see also United States v. McGuinness*, 764 F. Supp. 888, 894-95 (S.D.N.Y. 1991) (holding that financial records of witnesses had not been shown to be material). Defendant Ayers has merely made a conclusory statement that the substance abuse histories of the Government's witnesses are material to his defense. For all of the reasons set forth above, his request for this information should be denied.

B.   **Tax Returns**

In Paragraph 7 of his motion, Defendant Ayers seeks "[i]nformation regarding the tax returns of the police officer witnesses in this case," including "any information in the possession of the United States suggesting that any of these individuals' returns included one or more false statements or representations." That request should be denied. Under Rule 16, a defendant seeking evidence for the purpose of impeaching a witness's testimony must show that the evidence significantly would aid impeachment or rebuttal. *United States v. Gaddis*, 877 F.2d 605, 610-11 (7th Cir. 1989) (holding that the prosecution's failure to disclose a potentially fraudulent document would not have significantly assisted in impeachment). But although Defendant Ayers asserts that "[i]n light of the publicity surrounding the audits, or lack thereof, of numerous MPD officers in recent years, there is certainly a reasonable basis" for obtaining officers-witnesses' tax returns, he has pointed to no

evidence whatsoever that the returns of the officers in this case contain any impeaching information at all. His request is nothing more than an unvarnished fishing expedition.

In any event, the Government is not required to disclose tax returns on file with the Internal Revenue Service ("IRS") because such tax returns are not in the prosecution's possession, control, or custody. Although Rule 16 requires disclosure of relevant documents in "the government's" possession, the courts have interpreted "the government" to mean only the prosecutor's office and related agencies. *See United States v. Brooks*, 956 F.2d 1500, 1503 (D.C. Cir. 1992). The IRS is not such an agency; indeed, it is forbidden by law to release tax returns except when ordered to do so by a court. *See United States v. Recognition Equip., Inc.*, 720 F. Supp. 13, 13 (D.D.C. 1989) (holding that tax returns are not accessible to prosecution and therefore not discoverable); *see also United States v. Robertson,* 634 F. Supp. 1020, 1024 (E.D. Cal. 1986) (holding that tax returns and W-2 forms were not readily accessible to the prosecution and therefore not discoverable), *aff'd by* 815 F.2d 714 (9th Cir. 1987). Accordingly, Defendant Ayers's request for tax returns should be denied.

**C.      Internal Investigations**

In Paragraph 9 of his motion, Defendant Ayers seeks the following information: "Any and all investigation files compiled on each witness; the existence and identity of all federal, state and local government files for the witness; and the existence and identity of all official internal affairs, internal investigation or public integrity investigation files relating to or connected with each witness who was or is a law enforcement officer." As stated above, the Government will disclose all *Brady*, *Giglio*, and Jencks materials to the defense in a timely fashion. But Defendant Ayers is not entitled to any information within those files that is not *Brady*, *Giglio*, or Jencks material — in particular, internal police department files on the law enforcement witnesses in this case. Defendant Ayers has

presented no evidence that such files even exist or that, if they did, they would have any bearing on his case whatsoever. Absent such a showing, the Government has no obligation to search the police department's files for impeaching information. *See Brooks*, 966 F.2d at 1503. Accordingly, Defendant Ayers's request for "investigation files," other than information that constitutes *Brady*, *Giglio*, or Jencks materials, should be denied.

## CONCLUSION

WHEREFORE, Defendant Ayers's Motion for Timely Disclosure of Impeaching Information and Jencks Material should be granted insofar as it seeks legitimate *Brady*, *Giglio*, and Jencks materials, and the Government should be ordered to disclose *Brady* information in its possession as soon as reasonably practicable after it becomes aware of such information, but in any event no later than forty-eight (48) hours before trial, and to disclose *Giglio* and Jencks materials no later than forty-eight (48) hours before the expected testimony, whether at a motions hearing or trial, of the witness to which such material pertains. In all other respects, Defendant Ayers's motion should be denied.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

_____

JESSIE K. LIU
Assistant United States Attorney
D.C. Bar No. 472845
555 Fourth Street, N.W., Room 4649
Washington, D.C. 20530
(202) 514-7549

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a copy of the foregoing Government's Response to Defendant Ayers's Motion for Timely Disclosure of Impeaching Evidence and Jencks Material was served by the Electronic Case Filing system and first-class United States mail, postage prepaid, on counsel for Defendant:

    Mitchell M. Seltzer, Esquire
    717 D Street, N.W.
    Suite 310
    Washington, D.C. 20004

this nineteenth day of September, 2006.

            _____
            JESSIE K. LIU
            Assistant United States Attorney