UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA        )
                                )
              v.                )    Crim. No. 06-161-HHK
                                )
KEVIN D. AYERS,                 )
                                )
                   Defendant.   )

Government's Submission Regarding Admissibility of Remaining
Challenged Statement of the Defendant

The United States of America, by and through the United States Attorney for the District of Columbia, submits the following list of cases regarding the remaining challenged statement of the defendant.

By way of background, on February 13, 2007, the Court held a hearing on the defendant's motion to suppress physical evidence and his statements. At the conclusion of the hearing, the Court denied the motion both as to the physical evidence, and as to two sets of statements of the defendant. One set of statements concerned the defendant's remark, "I just got home, I ain't going back.", which he made to the police as they were attempting to execute the arrest warrant against him. The second was the series of statements made to a bystander immediately after the defendant was in custody, to the effect that the bystander should have assisted the defendant in resisting the arrest. Both sets of statements were made prior to the defendant being advised of his rights under Miranda v. Arizona, 384 U.S. 436 (1966).

As to a third set of statements, specifically, the defendant's subsequent remark to a police officer, made in the MPD Third District cell block, "I'm gonna kill all you motherfuckers.", the Court directed the parties to submit a list of authorities addressing the admissibility of the statement. This statement was made after the defendant had invoked his Miranda right to remain silent, but after he had thereafter requested to speak to an officer, and immediately after an officer, who came back to his cell at 3D in response to his request, had told him he was being charged with a new drug offense and that his money had been seized.

On the issue whether police re-initiation of questioning, assuming there was actually re-initiated questioning, was appropriate, the government would refer the Court to Michigan v. Mosely, 423 U.S. 96 (1975), and United States v. Hackley, 204 U.S. App. D.C. 21, 636 F.2d 493 (1980).

On the issue whether the officer informing the defendant of the new charge and the status of the recovered currency constituted interrogation within the meaning of Rhode Island v. Innis, 446 U.S. 291 (1980), the government would refer the Court to United States v. Morton, 364 U.S. App. D.C. 25, 391 F.3d 274 (2004).

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


by:  _____
     Michael C. Liebman
     Assistant United States Attorney
     D.C. Bar No. 479562
     555 Fourth Street, N.W., room 4231
     Washington, D.C.  20530
     353-2385
     michael.liebman@usdoj.gov