IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.         : | CRIMINAL NO.: 06-161 (HHK) |
| : | |
| KEVIN AYERS : | |
| : | |
| Defendant. : | |
| : | |

### GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE CERTAIN ACTS OR STATEMENTS BY THE DEFENDANT

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to admit certain evidence that the government believes is integral to the presentation of the crimes charged in this case. The government does not classify this evidence as evidence of other crimes, pursuant to Fed. R. Evid. 404(b), but once again provides notice to the defendant out of an abundance of caution.

### Factual Background

On May 10, 2006, officers of the Metropolitan Police Department, including Officer Jeff Labofish, went to the 2700 block of Fourteenth Street, N.W. in Washington, D.C., to execute a Superior Court arrest warrant on Defendant, Kevin D. Ayers. While driving through the block, Officer Labofish and his colleagues observed Defendant Ayers entering a liquor store.[1]

---

[1] Officer Labofish recognized Defendant Ayers in part because on April 15, 2006, he had made a traffic stop of the defendant in a 1999 white Mercury Sable, after observing the Defendant in violation of several traffic laws, including driving with a broken tail light, hanging objects on the rear view mirror, and impeding traffic. After officers asked the defendant to exit the vehicle, the defendant put the vehicle in drive and fled, driving above the speed limit, on the wrong side of the road, and running red lights. The defendant was subsequently arrested for reckless driving and received several tickets for these infractions. The Mercury Sable was registered to Tyneka Blango, who also rented the Ford Taurus searched on May 10, 2006.

The officers followed Defendant Ayers into the store and attempted to arrest him. Defendant Ayers resisted, telling the officers: "I just got home, I ain't going back." After a struggle, Defendant Ayers was handcuffed. An unidentified man then entered the store and asked after Defendant Ayers' well-being. Defendant Ayers replied: "Nah motherfucker, why you let them do me like this? You should've come in here and knocked one of these fuckers out. I would've done that shit for you." There is video, though not audio, evidence of the arrest.

While at the Third District cellblock the defendant, after invoking his rights, requested to speak to an officer. At that time, Officer Richard Fesser went back to the cell block and told the defendant he was being charged with contraband found in a car with links to the defendant. In response the defendant stated "I'm going to kill all y'all mother-fuckers."

A few hours later, the defendant was transferred to Central Cellblock, located at 300 Indiana Avenue NW. While detained and waiting to be admitted to Central Cellblock, the defendant jerked out of his cuffs and escaped. Officers recaptured the defendant at 3rd and E Street, NW, by the FBI Field Office building.

On Defendant Ayers' person, the searching officers found a key chain bearing the Enterprise rental car company logo. Written on the back of the key chain was a description of a vehicle (a beige Ford Taurus with tag number 3BLC78); attached to it was a car key and several door keys. When the officers found the Taurus which contained the contraband at issue in this case, they also found papers indicating the vehicle had been rented by Tyneka Blango.

On September 5, 2006, the defendant filed a motion to suppress evidence, as well as a motion "FOR NOTICE OF GOVERNMENT'S INTENTION TO USE RULE 404(B) EVIDENCE AT

2

TRIAL." The government responded to the latter motion by stating that it was unaware of any evidence admissible at trial pursuant to 404(b).

On November 8, 2006, the government wrote to defense counsel that it might seek to use the statement to Fesser and the statement to the officers at the time of arrest on the unrelated warrant. The government noted: "Please be advised that the government does not consider these remarks to constitute other crimes evidence under rule 404(b) of the Federal Rules of Evidence, as they are intrinsic to and inextricably intertwined with direct evidence of the escape charge in count 2 of the indictment."

On February 9, 2007, this Court held a suppression motion hearing, in which the Court took under advisement the statement made to Officer Fesser, and denied the motion to suppress as to all other statements.[2] The government then stated that the parties had briefed the 404(b) evidence issue, and that the government would provide notice of 404(b)

> if we had any, and we haven't, although of course, we have given notice about the struggle which led initially to some APO charges against the defendant that were not papered or indicted.
>     We've also given notice, obviously, to the statements that constitute threats. We don't consider those 404(b), but the defense is well aware of them. We do intend to use them, but I don't think there's a need for a 404(b) analysis or a hearing . . . .

The Court declined to hear further argument on the 404(b) issue at that time.

## Notice

The government may seek to introduce several matters into evidence at issue in this motion:

- The defendant's encounter with Officer Labofish on April 15, 2006;

- That the officers had probable cause to arrest the defendant for an unrelated matter

---

[2]To the government's knowledge, the Court has not yet ruled on whether the statement testified to by Officer Fesser is admissible.

3

>   when they stopped the defendant on May 10, 2006;
> 
> • The defendant's statement that he had just come home and wasn't going back;
> 
> • The defendant's statement "[You] should have knocked one of these fuckers [police officers] out [;] I would've done that shit for you."
> 
> • The defendant's statement "I'm going to kill all you motherfuckers."

The government does not view any of these events or statements as 404(b) evidence – that evidence of other "crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." Out of an abundance of caution, the government files this motion in order to further notify the defendant and the Court of its intentions.

First, the defendant's encounter with Officer Labofish on April 15, 2006, would be limited to an inquiry of whether Officer Labofish lawfully stopped the defendant, and whether during the course of his interactions with the defendant he was able to retrieve information that he could use to determine the lawful registrant of the vehicle. This information is both relevant as to how Officer Labofish identified the defendant on May 10, 2006, and to show that the defendant was driving a vehicle on that date linked to Ms. Blango.

Second, the government will seek to introduce that Officer Labofish had probable cause to arrest the defendant on May 10, 2006. The officers were justified in detaining the defendant and using the reasonable force necessary to detain the defendant at that time. It is this stop that eventually resulted in the officers being able to identify the vehicle driven by the defendant.

Third, the introduction of defendant's statement that he had just come home and wasn't going back is necessary to explain the protracted nature of the stop, and provides an explanation as to the defendant's state of mind concerning his desire to escape from police officers.

Fourth, the introduction of the defendant's threats, both to the officers at the scene and to Officer Fesser at the 3D Cellblock, indicate the defendant's general hostility to being constrained in any way by lawful authority.

### Conclusion

WHEREFORE, the government provides notice of its intent to introduce the evidence described above.

                                            Respectfully submitted,

                                            JEFFREY A. TAYLOR
                                            United States Attorney

By: _____
     Jeff Pearlman
     DC Bar 466901
     Assistant U.S. Attorney
     Federal Major Crimes Section
     555 4th Street, N.W.
     Washington, D.C.  20530
     (202) 353-2385