UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) CRIM. NO. 06-161 (HHK) |
| | ) |
| KEVIN AYERS, | ) |
| | ) |
| Defendant. | ) |

## MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT FROM MOVING TO ADMIT CERTAIN EVIDENCE

On September 14, 2007, the government filed a "Notice of Intent to Introduce Certain Acts or Statements By the Defendant." In the notice, the government asserts that the evidence it seeks to introduce at this late date (more than seven months after the conclusion of the motions hearing) is not actually 404(b) evidence and that the government is simply providing "notice to the defendant out of an abundance of caution."

Mr. Ayers, through undersigned counsel, hereby moves this Honorable Court to exclude the evidence the government seeks to introduce both because the evidence runs afoul of Rule 404(b) of the Federal Rules of Evidence and because the evidence is inadmissible as irrelevant and prejudicial under Rule 403.

First, the government has provided notice that it may seek to introduce evidence that Mr. Ayers was stopped by Officer Labofish on April 15, 2006, for traffic violations, and that when he was asked to exit the vehicle he fled. This is clearly 404(b) evidence as it is evidence of another bad act that resulted in criminal charges being filed. There can be no excuse for the failure of the

1

government to file notice of this 404(b) evidence at the time motions and notices were due nearly a year ago. Instead, the government advised the defendant that the government did not seek to introduce any 404(b) evidence. Moreover, any use of his alleged attempt to flee on an earlier occasion is clearly designed to suggest that since he fled before he fled this time as well – a purpose specifically not allowed. If all the government seeks to do is establish that Mr. Labofish recognized Mr. Ayers, counsel would not object to his testifying that he recognized Mr. Ayers from a prior traffic stop.

Second, the government has provided notice that it may seek to introduce evidence "that the officers had probable cause to arrest the defendant for an unrelated matter when they stopped him on May 10, 2006." This invites the jury to speculate that Mr. Ayers had engaged in other misconduct and generally has a bad character rather than to focus on whether the government has established beyond a reasonable doubt that the narcotics found in a car 200 feet away from where he was stopped belonged to him. As such, it is highly prejudicial.

Finally, the government has provided notice that it may seek to admit three different statements allegedly made by Mr. Ayers. The first statement the government asserts Mr. Ayers made was that he had just come home and wasn't going back. This statement is inadmissible because it is not relevant. It is also highly prejudicial as it alerts the jury to an inadmissible fact – that Mr. Ayers has a prior conviction – which will result in the jury being more likely to believe that Mr. Ayers is guilty without regard to the evidence in the case. Second, the government asserts that Mr. Ayers said to a civilian witness "you should have knocked one of those fuckers out, I would have done that shit for you," allegedly referring to the police officers. Again, this statement is not relevant and is prejudicial in that, if believed, it may cause the jurors to believe

that Mr. Ayers is a violent person who should be locked up regardless of whether the government proves beyond a reasonable doubt that he committed the offenses charged. Third, the government asserts that while in a cell block during processing, Mr. Ayers stated "I'm going to kill all you motherfuckers," again, allegedly referring to the police officers. This statement too is not relevant and is prejudicial in that, if believed, it may cause the jurors to believe that Mr. Ayers is a violent person who should be locked up regardless of whether the government proves beyond a reasonable doubt that he committed the offenses charged. It is other bad acts evidence as it arguably could be viewed as a threat.

    Mr. Ayers submits that the above evidence is not relevant, is not necessary to prove any element of the offenses charged, and should not be admitted pursuant to Rule 404(b). Even if the Court concludes that the evidence is admissible under Rule 404(b), the evidence nevertheless should be excluded under Rule 403 because its prejudicial effect substantially outweighs any probative value of the evidence. Admission of the evidence which the government proposes to introduce is severely prejudicial. Such evidence will unfairly taint Mr. Ayers's character, and, based on this tainted character alone, the jury will surely believe he is more likely to have committed the charged crime.

                                        Respectfully submitted,

                                        A.J. KRAMER
                                        FEDERAL PUBLIC DEFENDER

                                        "/s/"
                                        Michelle Peterson
                                        Assistant Federal Public Defender
                                        625 Indiana Avenue, N.W., Ste 550

Washington, D.C. 20004
(202) 208-7500