IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.: 06-161 (HHK) |
| | : | Trial Date: October 15, 2007 |
| KEVIN AYERS | : | |
| | : | |
| Defendant. | : | |
| | : | |

## GOVERNMENT'S RESPONSE TO MOTION TO DISMISS INDICTMENT FOR SPEEDY TRIAL VIOLATION

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully concedes that this Court should dismiss the indictment without prejudice so that the government may reindict this matter.[1] By its Motion to Dismiss Indictment for Speedy Trial Violation, filed on September 24, 2007, the defendant made the government aware for the first time that the Speedy Trial Act had not been tolled since April 27, 2007, approximately five months.

A.  The Court Must Analyze Several Factors in Deciding Whether to Dismiss With or Without Prejudice

Although the government concedes that the defendant was not tried within the limits set out in 18 U.S.C. § 3161, the Court should not dismiss the indictment with prejudice.  "In determining whether to dismiss the case with or without prejudice,"

> the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of justice.

18 U.S.C. § 3162(a)(2).

---

[1] Should the parties resolve this case by plea, there is the possibility that the government would instead file an Information to which the defendant would plead, obviating the need for a new indictment.

The decision by the Court of whether to dismiss with or without prejudice "is designed to promote compliance with the [Speedy Trial] Act without needlessly subverting important criminal prosecutions . . . . The less severe sanction (dismissal without prejudice) lets the court avoid unduly impairing the enforcement of federal criminal laws" even though the government and the courts may pay additional costs that "further encourage[] compliance." Zedner v. United States, 126 S. Ct. 1976, 1984-85 (2006) (reversing conviction for Speedy Trial Act violation but remanding on whether dismissal was to be with prejudice). Although a trial court's judgment as to whether to dismiss with or without prejudice should not be "lightly . . . disturbed," that judgment must be supported in terms of the factors identified in the statute. United States v. Taylor, 487 U.S. 326, 336-37 (1988) (holding trial court abused its discretion in dismissing prosecution of defendant with prejudice for violation of Speedy Trial Act). A district court must "'carefully express its decision whether or not to bar reprosecution in terms of the guidelines specified by Congress.'" United States v. Bowman, 2007 WL 2238877 (D.C. Cir. Aug. 7, 2007), at *3 (quoting Taylor, 487 U.S. at 323) (emphasis added in Bowman).

B.    The Section 3162(a)(2) Factors Warrant Dismissal Without Prejudice

First, there can be no doubt as to the seriousness of the offenses in this case. The defendant is alleged to have been in possession with the intent to sell more than 50 grams of crack cocaine, which Congress has seen fit to punish with no less than 10 years of incarceration and no more than life. 21 U.S.C. § 841(b)(1)(A)(iii). Cf. Bowman, at *4 (noting district court properly exercised discretion in dismissal without prejudice where the district court noted that offenses of distribution of cocaine base and drug charges "are quite serious and suggest that the defendant may have a significant role in the plague of guns and drugs that daily injures the people of Washington, D.C.");

United States v. Wright, 6 F.3d 811, 814 (D.C. Cir. 1993) (holding no abuse of discretion by district court in dismissing without prejudice where district court characterized gun and drug offenses as "serious," and noting that a "deluge" of drug cases in the Federal courts does not diminish the seriousness of the offenses). Even the defendant apparently recognized the seriousness of the offense; after having been informed at the Third District police station of the contraband found by police in his girlfriend's car, he threatened officers and fled during his detention at Central Cellblock, presumably to avoid the repercussions of his drug dealing activity.

Second, the defendant cannot allege that the facts and circumstances of this case support a dismissal with prejudice. It appears that the Speedy Trial Act was violated when, on April 27, 2007, his attorney, Nathan Silver, was removed from the case due to a conflict of interest. The Court then set a trial date of October 15, 2007, and the government did not request – and the Court did not make – any interest of justice findings that would have tolled the Act. When the defendant received his new attorney, present defense counsel, on May 11, 2007, the government did not request – and the Court did not make – any interest of justice findings at that time either.

An important factor in the "facts and circumstances" inquiry is whether the Government has engaged in a pattern of neglect or intentional dilatory conduct. Wright, 6 F.3d at 814 (citations and quotations omitted). The government's negligence in requesting an interest of justice finding from the Court on two occasions when the government either sought or agreed to such a request on at least three other occasions is minimal.[2] Indeed, the defendant cannot seriously assert that these failures

---

[2]According to the docket entries and the government's own records, on June 26, 2006, the court excluded time between June 26, 2006 and July 19, 2006. On July 19, 2006, the Court made an interest of justice finding and excluded time between July 19, 2006 and September 15, 2006. On April 5, 2007, the Court made an interest of justice finding and excluded time between April

(continued...)

were intentionally dilatory when the Court had already set a specific trial date, and a failure to ask for an interest of justice finding would have had no effect on lengthening or shortening the time until trial.

Moreover, the Court should take into account the defendant's decision to litigate heavily this case with multiple lawyers – actions that have consumed significantly more time than any action by the government. The defendant was detained on the date of his arrest on May 10, 2006. On May 11, 2006, the defendant was assigned attorney Tony Miles of the Federal Public Defender Service, who, on June 12, 2006, filed a motion to dismiss the case. The defendant was indicted the next day, on June 13, 2006. On the date of the arraignment, June 26, 2006, the defendant sought new counsel, and he was assigned Mitchell Seltzer on July 14, 2006.

The defendant then filed several pretrial motions. The defendant hired Harry Tun and Billy Ponds as new counsel – his third set of counsel – to represent him, on October 30, 2006. The defendant also sought to continue the motion's hearing by more than two months, from December 8, 2006, until February 9, 2007.

On February 9, 2007, this Court almost entirely denied the defendant's pretrial motions and set a jury trial for May 22, 2007. For reasons unknown, on March 12, 2007 Tun and Ponds sought to withdraw from the case. On April 5, 2007, the May 22, 2007 trial date was vacated and on April 13, 2007, Nathan Silver became the defendant's counsel. On April 27, 2007, Silver advised the Court of a potential conflict of interest – the precise reason presently unknown – and withdrew. At that time, the Court set the October 15, 2007 trial date, and on May 11, 2007, present defense

---

[2](...continued)
5, 2007 and April 27, 2007.

counsel was appointed.

Thus, the defendant has engaged in active litigation certainly contemplated by the Speedy Trial Act to result in tolling, see 18 U.S.C. § 3161(h)(1)(F), (J), sought and received extensive continuances, and delayed his inevitable trial through an apparent pattern of retaining and firing several lawyers.[3] These facts militate in favor of a dismissal without prejudice to the extent that the defendant would assert that he cannot be tried due to an unreasonable passage of time.

In part because there is no prejudice to the defendant, a reprosecution will not negatively impact the administration of the Act or on the administration of justice. The time delay here was just a few months, with no identifiable prejudice to the defendant. See Wright, 6 F.3d at 816 (noting appropriateness of considering lack of prejudice in weighing third factor). On the other hand, the administration of justice in this instance demands reprosecution. "'The community is entitled to a resolution of the charges against the defendant and, if the charges are proved to a jury's satisfaction beyond a reasonable doubt, to protection from him.'" Bowman, at *4 (quoting favorably from district court's memorandum opinion dismissing without prejudice).

At bottom, Section 3162(a)(2)'s factors warrant a dismissal without prejudice. Neither the merits, nor the Speedy Trial Act, require otherwise.

---

[3] The government, not privy to the reasons behind the defendant's dissolution of his relationships with multiple attorneys, does not allege that the defendant purposefully delayed his own trial, or even that he is actually responsible for those terminations. As detailed supra, at least one of the representations was apparently terminated for a conflict of interest. What is clear is that much of the delay in the defendant's trial has come about has nothing to do with the government's failure to request that the Speedy Trial Act be tolled, or through any other action by the government.

**Conclusion**

WHEREFORE, the government concedes the defendant's Motion to Dismiss Indictment for Speedy Trial Act Violation, but asserts such a dismissal must be without prejudice.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

By:      /s/
Jeff Pearlman
DC Bar 466901
Assistant U.S. Attorney
Federal Major Crimes Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-2385