**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Crim. No. 07-307 (HHK)** |
| | : | |
| **KEVIN D. AYERS,** | : | **Trial: July 7, 2008** |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S UNOPPOSED MOTION TO CONTINUE TRIAL AND EXCLUDE TIME UNDER SPEEDY TRIAL ACT**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves for the Court to continue the trial currently set for July 7, 2008, and exclude time under the Speedy Trial Act, 18 U.S.C. § 3161, (STA) in order to maintain continuity of government counsel. In support of its Motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at any hearing on this issue:

**PROCEDURAL BACKGROUND**

The defendant was originally presented on the charges associated with this case on May 11, 2006 in docket number 06-161. This original case proceeded to the point of trial. However, on November 7, 2007, the case was dismissed, prior to trial, for a violation of the Speedy Trial Act. On November 8, 2007, the government obtained another indictment and an arraignment was set for December 7, 2007. On that day, the defendant failed to appear and a bench warrant was issued. On March 4, 2008, the defendant was returned on the bench warrant, presented before the magistrate judge and

arraigned on the current charges in docket number 07-307. On March 18, 2008, the Court conducted an initial status hearing at which time the Court set the case for trial on July 7, 2008.

**ARGUMENT**

Trial in this matter is currently scheduled for July 7, 2008. The government is requesting a brief continuance because of a conflict that has arisen in the trial schedule of government counsel. Government counsel currently has a trial scheduled to begin in the Superior Court for the District of Columbia on June 24, 2008. The charges in that case include Assault With Intent to Kill While Armed and related weapons offenses. As the Superior Court case has progressed, it has become apparent that the trial will not conclude before July 7, 2008. In fact, the trial is likely to continue well into that week. While the government recognizes its responsibility to anticipate potential conflicts in scheduling, it only recently became apparent to us that the Superior Court trial will not conclude before July 7, 2008. For these reasons, the government is seeking a continuance and a tolling of the Speedy Trial Act (STA) to allow for the continuity of government counsel as contemplated by 18 U.S.C. § 3161 (h)(8)(b)(iv). The defense will not be adversely affected by a continuing the trial. Defense counsel in this case do not oppose this request for a continuance or the tolling fo the STA to accommodate government counsel's scheduling. The defendant is currently in the community on release to his personal recognizance.

The drafters of the Speedy Trial Act anticipated that the a trial judge may need to exclude a period of time for purposes of speedy trial if the court finds "that the ends of

justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. 3161 § (h)(8)(A). One of the factors to be considered in balancing the interests of justice is the need to maintain continuity of counsel for the government and defense counsel. Even if the case is not particularly complex or unusual the court may continue a case if, "the failure to grant such a continuance . . . would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence." 18 U.S.C. 3161 § (h)(8)(B)(iv).

The government and the Court have an interest in maintaining continuity in government counsel in order to ensure a concise and effective presentation of the government's case. If the trial is not continued it will become necessary to find a replacement for government counsel. This will in turn impact the government's presentation of the case and the efficient administration of justice. Moreover, new counsel will have limited time to prepare and will not be as familiar with this case.

In light of the fact that a continuance will not adversely affect the defendant and the interests of justice will be best served by maintaining continuity of counsel on this case, the government is requesting that this case be continued for at least one week and rescheduled for a time that is convenient to the Court and the defense. Furthermore, the government requests that the Court make findings consistent with the STA that the ends of justice are best served by granting our request for a continuance and excluding the time between the date that this motion is granted and the newly selected trial date for purpose

of the STA.

WHEREFORE, for the reasons stated above, the Government requests that the Court vacate the trial date of July 7, 2008 and convert the pre-trial conference date of June 30, 2008, to a status date at which time the Court and counsel will select a new trial date.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

      /s/
Charles Neil Floyd
Assistant United States Attorney
555 4th Street, N.W.  #4235
Washington, DC 20530
(202) 305-2195; Fax: 514-6010
Charles.Floyd@usdoj.gov

[illegible]

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

[illegible]

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Crim. No. 07-307 (HHK)** |
| **KEVIN D. AYERS,** | : | **Trial: July 7, 2008** |
| **Defendant.** | : | |

[illegible]

**ARGUMENT**

[illegible]

**(PROPOSED) ORDER**

[illegible]

**GOVERNMENT'S UNOPPOSED MOTION TO CONTINUE TRIAL AND EXCLUDE TIME UNDER SPEEDY TRIAL ACT**

United States Attorney

[illegible]

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves for the Court to continue the trial currently set for July 7, 2008, and exclude time under the Speedy Trial Act, 18 U.S.C. § 3161, (STA) in order to maintain continuity of government counsel. In support of its Motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at any hearing on this issue:

Assistant United States Attorney

Washington, DC 20530

[illegible]

**PROCEDURAL BACKGROUND**

The defendant was originally presented on the charges associated with this case on May 11, 2006 in docket number 06-161. This original case proceeded to the point of trial. However, on November 7, 2007, the case was dismissed, prior to trial, for a violation of the Speedy Trial Act. On November 8, 2007, the government obtained another indictment and an arraignment was set for December 7, 2007. On that day, the defendant failed to appear and a bench warrant was issued. On March 4, 2008, the defendant was returned on the bench warrant, presented before the magistrate judge and

[illegible]

HENRY H. KENNEDY
JUDGE, UNITED STATES DISTRICT COURT